UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT DIVISION

| | |
|---|---|
| VINCENT VAIANO<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE VANGUARD GROUP, INC., SYNCHRONY FINANCIAL, AND SYNCHRONY BANK,<br><br>　　　　Defendants. | Case No.<br><br>Removal from the Dedham District Court, Trial Court Division<br>Case No.: 2354 CV 00603<br><br>SYNCHRONY BANK'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446 |

**NOTICE OF REMOVAL**

Defendant Synchrony Bank (incorrectly named as "Synchrony Financial and Synchrony Bank," ("Synchrony")) by counsel, pursuant to 28 U.S.C. Sections 1331, 1441 and 1446, hereby notices removal of the above-captioned state-court civil action to this Court from the Dedham District Court, Commonwealth of Massachusetts, where it is currently pending as Case No. 2354 CV 00603, based upon the following:

**I.　　BACKGROUND**

1.　　This action is being removed to federal court based on federal question jurisdiction and diversity jurisdiction; Synchrony has not attempted to remove this case previously.

2.　　Vincent Vaiano ("Plaintiff") commenced this action in the Dedham District Court located in the Commonwealth of Massachusetts ("State Court Action"), by filing a Complaint ("Complaint") on or about December 7, 2023, a true and correct copy of which is attached hereto as **Exhibit 1**.

3. On December 11, 2023, Synchrony received a copy of the Summons and Complaint by mail.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. Section 1441 because Synchrony has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

5. The State Court Action arises from a dispute regarding a credit card account. **Exhibit 1**.

6. Although Plaintiff does not specifically allege a FCRA violation, the FCRA preempts Plaintiff's state law claims, enumerated below, and that Plaintiff's complaint truly sounds in the FCRA:

    a. Plaintiff claims that Synchrony has reported false information regarding his account to the credit reporting agencies as he claims he does not have an account with Synchrony. **Exhibit 1**, pp. 15-16.

    b. The Complaint alleges various claims for breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of Mass. Gen. Laws CH 93A, distress. **Exhibit 1.**

## II. REMOVAL TO THIS COURT IS PROPER

1. Removal of this action is proper under 28 U.S.C. Section 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

2. Synchrony is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. Section 1331.

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331 in that it is a civil action arising under the laws of the United States, specifically the Fair Credit Reporting Act. 15 U.S.C. §§ 1681, *et seq.*

4. Removal is proper as the FCRA claim preempts all state-law causes of action based on the furnishing of allegedly inaccurate information to Credit Reporting Agencies. "Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; Section 1681t(b)(1)(F) preempts more of these claims." *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011).

5. Plaintiff's claim of violation of the Mass. Gen. Laws Ch. 93A is also preempted by the FCRA *See Lance v. PNC Bank, N.A.*, Civil Action No. 15-10250-FDS, 2015 U.S. Dist. LEXIS 122676, at *14 (D. Mass. Sep. 15, 2015).

6. This Court also has supplemental jurisdiction over the state claims in the Complaint because these claims arise from the same core, operative facts and are integrally related to the alleged violations of the Fair Credit Reporting Act. 15 U.S.C. §§ 1681, *et seq*. Accordingly, the state law claims are related to the federal question claims, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. Section 1367(a).

7. Furthermore, pursuant to 28 U.S.C. Section 1332(a), removal under diversity jurisdiction is also appropriate as Plaintiff's request for relief exceeds $75,000 and there is complete diversity of citizenship, as Plaintiff is domiciled in Massachusetts, and Synchrony is a corporation with its headquarters located in Draper, Utah.

8. Accordingly, had the Complaint been brought in the United States District Court for the District of Massachusetts in the first instance, this Court would have had original

jurisdiction over the subject matter under 28 U.S.C. Section 1331.  As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. Section 1441.

9. Venue lies with this Court because the State Court Action is pending in the Dedham District Court, which is within the District of Massachusetts.  *See* 28 U.S.C. §§ 1441 and 1446(a).

10. Given that the requirements for federal question and diversity are satisfied, this case is properly removed.

### III.  REMOVAL TO THIS COURT MEETS PROCEDURAL REQUIREMENTS

1. **Removal Is Timely.**  Synchrony received the Summons and Complaint on December 11, 2023, and, therefore, this Notice of Removal is timely in that it is filed within thirty days after service upon Synchrony of a copy of the initial pleading setting forth the removable claim.  28 U.S.C. § 1446(b).

2. **Notice.**  Synchrony will promptly serve Plaintiff and file with this Court its Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court.  28 U.S.C. §§ 1446(a), (d).  Synchrony will also promptly file with the Clerk of the Dedham District Court, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. Section 1446(d).

3. **Bond and Verification.**  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

4. **Signature.**  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.  28 U.S.C. § 1446(a).

5. **No Waiver of Defenses.** Synchrony has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

6. **Pleadings and Process Have Been Provided.** Pursuant to 28 U.S.C. Section 1446(a), attached hereto as **Exhibit 2** is a true and correct copy of the docket from the State Court Action. Synchrony will supplement this Removal with remaining pleadings and orders filed with the State Court in the State Court Action, if any, as soon as they are received.

7. **This Is the Only Request for Removal.** Synchrony has not made a previous application for the relief requested herein.

WHEREFORE, Synchrony respectfully requests this case be removed from the Dedham District Court to this Court, pursuant to 28 U.S.C. Sections 1331, 1332, 1441 and 1446.

DATED this the 2nd day of January, 2024.

/s/ David A. Casale
David A. Casale (Bar No. 677879)
Email:    dcasale@reedsmith.com
REED SMITH LLP
20 STANWIX STREET, 12TH FLOOR
PITTSBURGH, PA  15222
TELEPHONE:  +1 412 288 5937
FACSIMILE:  +1 412 288 3063
*Counsel for Synchrony Bank*

## CERTIFICATE OF SERVICE

     I hereby certify that on January 2, 2024, I caused a true copy of the foregoing document to be served upon the parties in the above-entitled action by email and mailing a copy, first class mail, postage prepaid, to the following:

Pro se Plaintiff, Vincent Vaiano<br>
95 University Ave Apt. 2128<br>
Westwood, MA 02090<br>
sparky.anderson7576@gmail.com

                                             */s/ David Casale*
                                             David Casale (677879)