UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VINCENT VAIANO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 24-10004-LTS |
| THE VANGUARD GROUP, INC. et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 5)

April 22, 2024

SOROKIN, J.

Vincent Vaiano filed suit against The Vanguard Group, Inc., Synchrony Bank, and Synchrony Financial, claiming he has been harmed by errors in his consumer credit report. Doc. No. 1-1 ¶¶ 7–27. Synchrony Bank has moved to dismiss, citing Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is ALLOWED.

I. BACKGROUND

Vaiano filed suit against The Vanguard Group, Synchrony Bank, and Synchrony Financial, alleging that errors in his credit report have negatively impacted his credit score. Doc. No. 1-1 ¶¶ 7–22. More specifically, he claims that his credit report includes a Synchrony Bank account, even though he has never opened such an account. Id. ¶¶ 9–10. He further alleges that (1) the erroneous reporting of this account has lowered his credit score and caused him emotional distress, and (2) Synchrony Bank, despite repeated inquiries, has failed to eliminate the account from his credit report produced by the three national credit reporting agencies. Id. ¶¶ 15–17. The complaint contains no further factual allegations. Vaiano has advanced claims for Breach of

Contract, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and violations of Mass. Gen. Laws ch. 93A ("Chapter 93A"). Doc. No. 1-1 ¶¶ 23–130. Synchrony Bank timely removed the case to this Court, Doc. No. 1, and moved to dismiss the claims against it, Doc. No. 5. Vaiano has voluntarily dismissed his claims against The Vanguard Group. Doc. No. 16. Synchrony Bank reports that it is a wholly owned subsidiary of Synchrony Financial, Doc. No. 4, and that the complaint incorrectly names it as "Synchrony Financial and Synchrony Bank." Doc. No. 6 at 1. The claims against Synchrony Bank (Counts XI–XV) mirror the claims against Synchrony Financial (Counts VI–X). Given the relationship between the two entities, the Court accepts the apparent invitation of Synchrony Bank to treat its Motion as applicable to the claims alleged against Synchrony Financial as well.

II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a facially plausible legal claim" and "contain enough factual material 'to raise a right to relief above the speculative level.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11–12 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). Courts employ a two-pronged approach to assess whether a complaint meets this standard. Id. at 12. First, the Court "begin[s] by separating a complaint's factual allegations from its legal conclusions." Id. The Court credits as true only the factual allegations. Id. Second, the Court assesses the factual allegations to determine whether they support a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In reviewing a motion to dismiss, courts should "'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets.'" Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)). While pro se complaints are generally held to less stringent standards than

complaints penned by attorneys, even they should be dismissed when "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." Sec. & Exch. Comm'n v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (citing Twombly, 550 U.S. at 555).

III.   DISCUSSION

    A.   Breach of Contract

In Counts XI and XII of the complaint, Vaiano alleges that Synchrony Bank committed breach of contract. Doc. No. 1-1 ¶¶ 95–104. A breach of contract claim must allege the following elements: (1) an agreement between the parties; (2) consideration; (3) the plaintiff was ready, willing, and able to perform his part of the contract; (4) the defendant committed a breach of the contract; and (5) the plaintiff suffered harm as a result. Huang v. RE/MAX Leading Edge, 190 N.E.3d 518, 523 (Mass. App. Ct. 2022). A plaintiff must also "describe the alleged terms of the contract with enough specificity to provide a defendant with the requisite notice of the nature of the claim." Foss v. Marvic, 365 F. Supp. 3d 164, 167 (D. Mass. 2019). Here, Vaiano admits that he never entered into a contractual agreement with Synchrony Bank, as he was never one of its customers. Doc. No. 1-1 ¶ 14; Doc. No. 17 at 3.[1] Because Vaiano has neither identified an agreement nor the pertinent contents of any such agreement, he fails to state a claim for breach of contract. As a result, the Court ALLOWS Synchrony Bank's motion to dismiss the breach of contract claims.

---

[1] Vaiano says he only planned to pursue a breach of contract claim "if [Synchrony Bank] could prove the existence of [his] account." Doc. No. 17 at 3. Vaiano misunderstands the allocation of burden between the parties. As the plaintiff, he bears the burden of identifying and describing the terms of the contract—not Synchrony Bank. See, e.g., Foss, 365 F. Supp. 3d at 167.

3

B.          Intentional Infliction of Emotional Distress

In Count XIII of the complaint, Vaiano alleges that Synchrony Bank committed intentional infliction of emotional distress. Doc. No. 1-1 ¶¶ 105–13. To prevail on such a claim, a plaintiff must establish "(1) that [the defendant], knew, or should have known that his conduct would cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct caused emotional distress; and (4) that the emotional distress was severe." Polay v. McMahon, 10 N.E.3d 1122, 1128 (Mass. 2014). "The standard for making a claim of intentional infliction of emotional distress is very high." Id.; see also Galvin v. U.S. Bank, N.A., 852 F.3d 146, 161 (1st Cir. 2017). Qualifying conduct must "go beyond all possible bounds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community." Roman v. Trs. of Tufts Coll., 964 N.E.2d 331, 341 (Mass. 2012). The Court may grant a motion to dismiss where the conduct alleged in the complaint does not rise to this level. Polay, 10 N.E.3d at 1128–29.

Vaiano alleges that Synchrony Bank failed to investigate an inaccuracy in his credit report, which indicated that he maintained a Synchrony Bank account. Doc. No. 1-1 ¶ 17. Even assuming that Synchrony Bank was responsible for the inaccurate information,[2] courts have held that a financial institution's failure to correct inaccurate information in a credit report was not sufficiently extreme and outrageous conduct to support a claim of intentional infliction of emotional distress, absent evidence that the institution acted with the intention of inflicting distress. Harrington v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 141 (D. Mass. 2007) (concluding that an "honestly mistaken" or inaccurate report could not support an emotional distress claim); Richardson v. Fleet Bank of Mass., 190 F. Supp. 2d 81, 90 (D. Mass. 2001).

---

[2] The Court pauses here to note that consumer reporting agencies are responsible for assembling and furnishing consumer credit reports, not banks. 15 U.S.C. § 1681a(f).

4

Vaiano has not provided even minimal facts suggesting that Synchrony Bank acted with the intention of doing him harm, and the Court concludes that the alleged conduct does not rise to the extreme level necessary to sustain a claim of intentional infliction of emotional distress. The motion to dismiss Count XIII is therefore ALLOWED.

  C. Negligent Infliction of Emotional Distress

In Count XIV of the complaint, Vaiano alleges that Synchrony Bank committed negligent infliction of emotional distress. Doc. No. 1-1 ¶¶ 114–22. He must allege "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Lanier v. President & Fellows of Harvard Coll., 191 N.E.3d 1063, 1072 (Mass. 2022) (quoting Payton v. Abbott Labs., 437 N.E.2d 171, 181 (Mass. 1982)). "As with any sort of negligence, negligence in the context of an emotional distress claim requires that the defendant have owed plaintiff a duty of care that was breached in some way." Delmonte v. Laidlaw Env't Servs., Inc., 46 F. Supp. 2d 89, 98 (D. Mass. 1999) (citing Urman v. S. Bos. Sav. Bank, 674 N.E.2d 1078, 1083 (Mass. 1997)).

Vaiano fails to state a claim for negligent infliction of emotional distress, because he has not alleged that Synchrony Bank owed him a duty of care. He adamantly maintains that he was not a Synchrony Bank customer, Doc. No. 1-1 ¶ 14, and under Massachusetts law, banks generally do not owe a duty to third parties or members of the public. Botschafter v. F.D.I.C., 603 N.E.2d 235, 237 (Mass. App. Ct. 1992); see In re TelexFree Sec. Litig., 626 F. Supp. 3d 253, 273 (D. Mass. 2022); Fine v. Sovereign Bank, 634 F. Supp. 2d 126, 136 (D. Mass. 2008). Vaiano has not set forth any factual allegations plausibly supporting the conclusion that he had some form of special relationship with Synchrony Bank that might give rise to a duty of care. The

motion to dismiss is therefore ALLOWED as to the negligent infliction of emotional distress claim, Count XIV.

    D.    <u>Chapter 93A</u>

In Count XV of the complaint, Vaiano alleges that Synchrony Bank violated the Massachusetts consumer protection law, Chapter 93A, by failing to investigate his complaints even after he made multiple attempts to contact customer service agents. Doc. No. 1-1 ¶¶ 123–30. It is black letter law that a plaintiff bringing an action for damages under Chapter 93A must allege, and ultimately prove, that he has suffered a distinct injury as a result of the defendant's unfair or deceptive acts. <u>Gottlieb v. Amica Mut. Ins. Co.</u>, 57 F.4th 1, 10 (1st Cir. 2022) (citing <u>Hershenow v. Enter. Rent-A-Car Co. of Bos., Inc.</u>, 840 N.E.2d 526, 533 (Mass. 2006)). Here, Vaiano claims that he has a lower credit score because of inaccuracies in his credit report. Doc. No. 1-1 ¶ 25. He does not, however, allege that he has ever suffered adverse consequences because of his credit score, thus rendering his injury unduly speculative. <u>See</u> <u>Zlotnick v. Equifax Info. Servs., LLC</u>, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (holding plaintiff failed to plead a concrete and particularized injury when he alleged only that his credit score was negatively impacted, without alleging how the lower score had impacted his life). Moreover, Vaiano has not alleged any facts suggesting that his poor credit score was caused by Synchrony Bank's reporting of inaccurate information. Vaiano must allege a plausible nexus between the unfair and deceptive acts he identifies and the injuries he claims to have suffered. Without more facts, Vaiano has not plausibly alleged an injury, nor has he plausibly alleged that any injury can be attributed to Synchrony Bank's wrongdoing. For this reason, the motion to dismiss Count XV is ALLOWED.

IV.    <u>CONCLUSION</u>

Two more issues bear mention. First, considering the Court's dismissal for failure to state a claim, the Court need not resolve whether federal law preempts Vaiano's Chapter 93A and

6

emotional distress claims. Doc. No. 6 at 8–11. Next, Vaiano did not advance a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Had he done so, the factual allegations would appear to be lacking, because of the absence of any allegation that a consumer reporting agency, as distinct from Vaiano, notified Synchrony Bank of the dispute. Carney v. Experian Info. Sols., Inc., 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999).

Based on the foregoing, Synchrony Bank's Motion to Dismiss, Doc. No. 5, is ALLOWED, and as a result the Court DISMISSES the claims against Synchrony Bank and Synchrony Financial. The Clerk may enter a judgment of dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge